UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**BLACKHAWK LAND AND RESOURCES, LLC and
PANTHER CREEK MINING, LLC,**

      Plaintiffs,

v.                          Civil Action No. 2:16-cv-10711
                           Honorable John T. Copenhaver, Jr.
**WWMV, LLC and RWMV, LLC,**

      Defendants.


## MEMORANDUM OPINION AND ORDER

Pending is the defendants' motion to dismiss, filed on December 5, 2016.

### I.    Factual and Procedural Background

As a result of acquiring certain assets from the Patriot Coal Corporation in 2015, Blackhawk Land and Resources, LLC ("Blackhawk Land") succeeded in interest to Patriot Coal Corporation or one of its affiliates and became a lessor or sublessor to WWMV or RWMV, as the case may be, under several leases and subleases for coal mining lands and a counterparty under a wheelage agreement.  Panther Creek Mining, LLC, an affiliate of Blackhawk Land, became a "counterparty" to both defendants under an Electricity Usage Agreement.  Plaintiffs sued for breach of these various agreements on November 8, 2016,

alleging failure to pay various amounts due, among other violations. Defendants moved to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). In support of their motion, defendants have filed a memorandum of law as well as a later reply to plaintiffs' response, whereas plaintiffs have filed a response and a sur-reply in opposition. Defendants argue two grounds: lack of diversity jurisdiction and mandatory arbitration.

In their complaint, plaintiffs allege that both of them are limited liability companies, organized under the laws of Delaware, and none of their members are citizens of West Virginia. They also allege that upon information and belief, both defendants are West Virginia limited liability companies ("LLCs") with their principal places of business located in Charleston, West Virginia, and that the sole member of RWMV is Ralph Ballard, a West Virginia citizen and resident, and the sole member of WWMV is RWMV.

II. Governing Standard

Federal district courts are courts of limited subject matter jurisdiction, possessing "only the jurisdiction authorized them by the United States Constitution and by federal statute." United States ex rel. Vuyyuru v. Jadhav, 555 F.3d

337, 347 (4th Cir. 2008). As such, "there is no presumption that the court has jurisdiction." Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (citing Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 327, 327 (1895)). Indeed, when the existence of subject matter jurisdiction is challenged under Rule 12(b)(1), "[t]he plaintiff has the burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); see also Richmond, Fredericksburg, & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). If subject matter jurisdiction is lacking, the claim must be dismissed. See Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006).

Subject matter jurisdiction may be attacked by a defendant with either a facial or a factual challenge. Kerns v. United States, 585 F.3d 188, 192 (4th Cir. 2009). In a facial challenge, the defendant is asserting that the allegations contained in the complaint fail to sufficiently establish the existence of subject matter jurisdiction. Id. In a facial attack, the plaintiff is "afforded the same procedural protection as she would receive under a Rule 12(b)(6) consideration," so that "facts alleged in the complaint are taken as true," and the defendant's motion "must be denied if the complaint alleges sufficient facts to invoke subject matter

jurisdiction." Id (citation omitted). In a factual challenge, a defendant may argue "that the jurisdictional allegations of the complaint [are] not true." Id. This permits a trial court to consider extrinsic evidence or hold an evidentiary hearing to "determine if there are facts to support the jurisdictional allegations." Id.

### III. Discussion

#### A. Diversity Jurisdiction Objection

Defendants mount a challenge to diversity jurisdiction of the court and claim that, notwithstanding a demand letter, plaintiffs refuse to show the citizenship of every person or entity in their chain of ownership so as to show complete diversity from all the persons or entities in the defendants' chain of ownership. Defendants maintain that upon a challenge, plaintiffs have the burden of proving that subject matter jurisdiction exists.

In support of their challenge, defendants claim that contrary to the complaint's allegations, they are not sole-member LLCs, and that some of their members are not citizens of West Virginia.

But as plaintiffs point out, defendants only make a facial challenge to diversity jurisdiction without supplying any

4

proof of lack of diversity, noting also their previous objection to diversity in a letter to plaintiffs.

Plaintiffs counter that when presented with a facial challenge, the court can take plaintiff's allegations as true, and there is no burden of proof on them to establish jurisdiction by a preponderance of evidence. Plaintiffs' allegation that defendants are citizens of West Virginia while no member of the plaintiffs is a citizen of that state should suffice, according to them.[1]

As an initial matter, for complete diversity to exist and support subject matter jurisdiction, all members of the LLCs on the plaintiffs' side must be of different citizenship than all members of the LLCs on the defendants' side.

The court agrees with plaintiffs that defendants here mount a facial attack, as they do not prevent evidence contradicting the existence of diversity jurisdiction. Accordingly, plaintiffs' allegations are to be taken as true, similarly to a Rule 12(b)(6) context. "An allegation of diversity is defective only where it 'fails to negate the possibility that diversity does not exist.'" Contreras v. Thor

---

[1] Defendants claim that they also have Wyoming citizens in their chain of ownership. This assertion does not in itself defeat complete diversity and does not change the facial nature of the jurisdiction attack since no proof of defective pleading was presented. Plaintiffs also note that WWMV asserted in other litigation that it was a citizen of West Virginia.

5

Norfolk Hotel, L.L.C., 292 F. Supp. 2d 794, 797 (E.D. Va. 2003) (quoting Baer v. United Services Auto. Ass'n, 503 F.2d 393, 397 (2d Cir.1974)).  See also Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 200 (4th Cir. 2008).  The Third Circuit recently reached a similar result in a similar LLC case, noting also that "a plaintiff may plead diversity jurisdiction without making affirmative allegations of citizenship."  Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 106-07 (3d Cir. 2015).  Since defendants have not presented evidence undermining plaintiffs' averments of diversity jurisdiction, the court must at this stage take plaintiffs' allegations as true and deny the motion to dismiss on this ground.

### B. Arbitration Objection

The second argument defendants make is that the complaint is barred by arbitration provisions contained in: (1) the Blackhawk and Imperial Leases, to which one of the defendants is a party, and (2) leases, subject to which one of the defendants subleased the land plots (and whereby the provisions allegedly were incorporated).  Defendants argue that the parties therefore agreed to arbitrate, and courts should enforce the agreements by dismissing this action.

Plaintiffs object that many of the complaint's allegations are not covered by the arbitration provisions. Defendants, in their reply, provide a listing of allegedly applicable provisions, agreement by agreement.

While the court agrees with plaintiffs that new arguments should not be raised in a party's reply, in this instance defendants do not so much make a new argument as they elaborate on their summary statements in their initial supporting memorandum; accordingly, the court will consider the cited provisions to assess their applicability to the complaint.

Defendants are correct that Section 21 of the Blackhawk Lease (Exhibit C to the complaint) contains a mandatory arbitration provision. However, plaintiffs maintain that the arbitration provision does not apply to the complaint since the latter centers on unpaid taxes and minimum royalties. Indeed, Sections 9 and 19.4, respectively, of the lease provide for all legal remedies for collecting taxes and minimum royalties, carving the dispute <u>sub judice</u> out of the arbitration provision. Therefore, the allegations under the Blackhawk Lease survive defendants' motion to dismiss.

Defendants' arguments regarding the other agreements similarly fail. In particular, defendants argue that the Shonk Sublease "references and incorporates" the Shonk Lease (Exhibit

1 to defendants' reply), Paragraph 22 of which in turn "provides for binding arbitration of any and all disputes." Not so. Section 22.1 of the Shonk Lease notes that a dispute is only subject to arbitration if both parties have an "express written agreement to arbitrate." With no such agreement being produced, or its existence alleged, defendants' argument on dismissing the claims pertaining to the Shonk Sublease fails.

Defendants also argue that the Payne-Gallatin base lease requires arbitration, and the Payne-Gallatin Sublease references such lease. Since they have not produced the lease to support this claim, the court is unable to determine the validity of their contention at this juncture.

Finally, defendants' reply in numbered paragraphs 6-8 raises arbitration arguments regarding the Dickinson and Chesapeake Subleases and the Imperial Lease. Since the agreements implicated contain substantively identical provisions, the court considers them together. In each instance, defendants cite to paragraph 18 of the underlying lease, containing a mandatory arbitration provision. However, such reliance is misplaced. The agreements at issue not only do not reference arbitration but also contain a detailed section, "Default; Forfeiture; Remedies Cumulative." Therein, subsection (c) states, "All provisions herein concerning the remedy of Sub-

Lessor in case of breach by WWMV of any condition, covenant or agreement herein contained shall be deemed to be cumulative and not exclusive, and shall not deprive Sub-Lessor of any of its other legal or equitable remedies which may now or hereafter be provided under the laws of the State of West Virginia or under the Lease."  In this light, the court does not find that section 1 of the sublease evinces an agreement to arbitrate.  It contains generic language about the sublease being "subject to and in accordance with the terms and conditions of the Lease and this Sublease" and that "Sub-Lessor hereby excepts and reserves all of the rights and remedies of the Lessor . . . and WWMV hereby assumes all of the obligations and conditions of the Lessee . . . in the same manner as if WWMV were the Lessee under the Lease."  This assumption of obligations and rights does not indicate that the parties agreed to resolve their disputes under the sublease through arbitration, when the sublease contains explicit provisions on forfeiture and expressly reserves other <u>legal</u> rights.  Accordingly, defendants' argument is unavailing regarding the Dickinson and Chesapeake Subleases and the Imperial Lease.

Defendants also appear to argue that the parties agreed to a cure of their dispute, and plaintiffs subsequently rejected tender amounts.  Since this argument does not support the present motion and sounds in the way of an affirmative

defense, the court is unable to consider it in the context of a motion to dismiss.

## IV. Conclusion

For the foregoing reasons, the court orders that the motion to dismiss be, and it hereby is, denied. The denial is without prejudice to raise the issues anew based on further evidence in support thereof.

ENTER: September 29, 2017

John T. Copenhaver, Jr.
United States District Judge