```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**BLACKHAWK LAND AND RESOURCES, LLC and
PANTHER CREEK MINING, LLC,**

    Plaintiffs/Counterdefendants,

v.                              Civil Action No. 2:16-cv-10711

**WWMV, LLC and RWMV, LLC,**

    Defendants/Counterclaimants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the plaintiffs' motion to disqualify defendants' counsel Shawn George, including a request for a protective order to that end, filed on December 12, 2017. Defendants have responded in opposition, and the court held a hearing on the matter on December 22, 2017.

Plaintiffs move to disqualify Shawn George as counsel for the defendants because he took part in the settlement negotiations between the parties leading to, and including, the settlement of claims between them that the defendants allege took place. According to plaintiffs, such role makes Mr. George a necessary witness, because the alleged settlement is asserted as a defense by the defendants to the breach of contract claims

at issue, and this settlement is in dispute.  Plaintiffs believe that Mr. George's connection to the defendants as one who has an ownership interest is also material.  Along with the disqualification, plaintiffs seek a protective order to prevent Mr. George from taking depositions.

In his capacity as counsel for the defendants, Mr. George participated in a meeting with representatives of Blackhawk Mining on August 22, 2016, along with Ralph Ballard, the manager of RWMV, which manages WWMV, and E. Forrest Jones, Jr. whose affiliation is not entirely clear to the court at this juncture.  In their discovery response, sent on November 6, 2017, defendants discussed this meeting, the alleged settlement, and subsequent communications between Mr. George and Blackhawk representatives.  Defendants also identified every person present at the meeting, including Mr. George, as individuals with knowledge concerning the allegations in the plaintiffs' complaint and the defenses thereto.

Defendants object to the timing of the motion as "retaliatory" to their deposition attempts and argue that the plaintiffs seek to smooth their path to summary judgment in their favor.  Furthermore, they contend that plaintiffs cannot satisfy the legal standard for disqualification under Smithson

**v. United States Fidelity & Guaranty Co.**, 411 S.E.2d 850 (W. Va. 1991).

At the hearing, the defendants maintained that Mr. Ballard, present at the meeting in question, would be made available for deposition, and all parties appeared to agree that the e-mail communications to and from Mr. George, pertaining to the alleged settlement, would likely be admissible in court.

A. Standard for Disqualification

Local Rule of Civil Procedure 83.7 provides that "attorneys shall conduct themselves in accordance with the Rules of Professional Conduct and the Standards of Professional Conduct promulgated and adopted by the Supreme Court of Appeals of West Virginia, and the Model Rules of Professional Conduct published by the American Bar Association." L.R. Civ. P. 83.7.

West Virginia Rules of Professional Conduct, Rule 3.7 provides that:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client...
>
> W.Va. R.P.C., Rule 3.7.

The American Bar Association's Model Rule 3.7 is essentially the same as W.Va. R.P.C., Rule 3.7.

According to West Virginia law, "[w]hen counsel for a party to a cause finds that he is required to be a material witness for his client he should immediately so advise his client and retire as counsel in the case." Edmiston v. Wilson, 146 W.Va. 511, 531 (W.Va. 1961) (internal citation omitted); Garlow v. Z, 186 W.Va. 457, 464 (W.Va. 1991) ("Of course, the lawyer should disqualify himself or herself upon finding that he or she will be a material witness."). If counsel does not voluntarily withdraw from the case, the court has the inherent power to disqualify the attorney. Garlow, 186 W.Va. at 465.

The test for the propriety of disqualification is laid out in Smithson.

> First, it must be shown that the attorney will give evidence material to the determination of the issues being litigated; second, the evidence cannot be obtained elsewhere; and, third, the testimony is prejudicial or may be potentially prejudicial to the testifying attorney's client.
>
> Syl. pt. 3, Smithson, 411 S.E.2d 850.

B. Analysis

The first prong of the Smithson test is established insofar as it is undisputed that Mr. George has material

information about the parties' negotiations and, therefore, the settlement defense.

The second prong is disputed insofar as the defendants suggest that the plaintiffs can obtain the information from other individuals such as Mr. Ballard and Mr. Jones. Moreover, the e-mail communications are admissible, and it is not clear at this stage that Mr. George is a necessary witness with respect to their contents or any other aspect related thereto. In this light, this prong weighs against disqualification.

Finally, with respect to the third factor, while the parties have a dispute whether the settlement was reached or whether they were instead engaged in preliminary discussions, Mr. George has taken a consistent and clear position on the matter, which is that of the defendants, obviating the concern that his testimony may be adverse to his side. The plaintiffs' argument that Mr. George would testify that the alleged agreement between plaintiffs and defendants was not reduced to writing or that its realization was contingent on the release of mechanics' liens and other anticipated actions by third parties does not suggest that his testimony is necessarily prejudicial to the defendants' position.

Accordingly, the analysis of the Smithson factors does not support disqualification of Mr. George.

Plaintiffs argue that separately from the Smithson factors, Mr. George should be disqualified because he has made himself a necessary witness but the cases they cite to support this contention are inapposite. In Finn v. Harbor Metal Treating, Inc., Cause No. 3:09-cv-130 CAN, 2009 U.S. Dist. LEXIS 101278, at *7 (N.D. Ind. Oct. 29, 2009), the attorney was the sole witness on his client's side to the alleged settlement agreement, whereas in this case Mr. Ballard is an apparent witness to the very same matter and Mr. Jones was also present.

In United Plastics Corp. v. United Techs. Auto., No. 6:96CV00829, 1996 U.S. Dist. LEXIS 20177 (M.D.N.C. Dec. 17, 1996) a greater importance attached to the letters there in issue than in the instant case. In that case, the plaintiff company alleged that the defendant company, the previous owner of a plastic manufacturing plant, failed to perform certain environmental remediation work that it was supposed to fulfill pursuant to the sales agreement. Id. at *1-2. Plaintiff alleged that defendant agreed to remedy certain problems and "memorialized these points of agreements in letters" sent to plaintiff's counsel Greg Blount. Id. at *2-3. The court noted that "[t]he only evidence Plaintiff has offered to support the existence of an agreement is the letters themselves" and deemed Blount's testimony to be "essential" to determine whether to interpret them as acceptance of an offer. Id. at *7. In

<u>LaForest v. Ameriquest Mortg. Co.</u>, Civil Action No. 04-30195-MAP, 2006 U.S. Dist. LEXIS 39293 (D. Mass. June 2, 2006), a mortgage loan refinancing matter, the plaintiff's attorney, Jason D. Fregeau, was regarded by the court to be an indispensable source of information when he engaged in negotiations with the defendant financing company by various means of communication and described an agreement, which was ostensibly reached between the parties, in a letter. <u>Id.</u> at *2. The plaintiff then asserted that Ameriquest "failed to follow through on its obligations." <u>Id.</u> at *3. In allowing the motion to disqualify Fregeau, the court noted that the letter appeared to contain a counter-offer rather than an agreement, and that he was the only witness to certain material phone conversations with defendant's counsel "regarding the negotiation of the loan workout." <u>Id.</u> at *6-7. In contrast to both of those cases, in the case at bar, there was a physical meeting attended by multiple people, followed by e-mail communications. The alleged agreement took place at the meeting, to which, as noted, Mr. George has not been shown to be a necessary witness.

Consequently, the plaintiffs' references do not change the outcome of the <u>Smithson</u> analysis. In particular, any ownership interest Mr. George may have does not render him a "necessary witness," contrary to the plaintiffs' contention. This being so, the request for a protective order, which stems

7

from a concern for the jury's confusion of the various roles of Mr. George as witness and counsel, is also not compelling.

Mr. George notes that Rule 3.7 refers to trial advocacy and is motivated by a concern about confusing the jury with a dual advocate-party role. Therefore, he argues that he should still be allowed to proceed with depositions and other pretrial representation even if he is disqualified at trial, since the exclusion should be limited to such activities that present the risk of jury confusion. The court finds this argument persuasive. As the foregoing discussion shows, it is far from established that Mr. George should be disqualified at all. At any rate, the concern over a dual role is the highest at trial and is attenuated in the discovery process. Therefore, the court does not see fit to prevent Mr. George from continuing to represent the defendants in the case in the pretrial period and will revisit the appropriateness of his trial representation should the issue again be presented as the trial date nears. During the course of depositions in which Mr. George is counsel, the parties should take reasonable measures to frame questions so that, insofar as feasible, Mr. George is not referred to as counsel.

For the foregoing reasons, the court orders that the plaintiffs' motion to disqualify Shawn George from representing

the defendants in this case be, and it hereby is, denied without prejudice, as is the request for a protective order. The court further lifts its stay of discovery proceedings.

The Clerk is requested to transmit this written opinion and order to all counsel of record and to Magistrate Judge Dwane L. Tinsley.

ENTER: February 27, 2018

John T. Copenhaver, Jr.
United States District Judge